UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO HAYDEN, JR., | No. 2:14-cv-1004 WBS DAD P |
| Petitioner, | |
| v. | ORDER |
| BRIAN DUFFY, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2001 judgment of conviction on five counts of robbery, which ultimately resulted in petitioner being sentenced to forty-six years to life in state prison. Respondent has moved to dismiss the pending federal habeas petition as time-barred. Petitioner opposes the motion, claiming that he is entitled to equitable tolling of the applicable statute of limitations due to his mental illness.

After reviewing the parties' filings and for the reasons explained below, the court has determined that the issues raised by the pending motion require additional briefing. Moreover, an evidentiary hearing may be necessary in order to assess the merits of petitioner's equitable tolling claim but that determination cannot be made until the supplemental briefing has been submitted and reviewed.

/////

1

Petitioner seeks equitable tolling of the applicable statute of limitations on the grounds that he suffers from paranoid schizophrenia. He argues:

> From after the time that [petitioner] filed his second petition (11-23-04) up to the time he filed his third petition (4-13-13), [petitioner] was too ill and unable, rationally or factually, to personally understand the need to timely file, or seek out anyone else's help, to effectuate its filing.
>
> [Petitioner's] delusions made him incapable of rationally understanding the necessity of filing a timely habeas petition because before the delusions lifted, nothing anyone might say to him about the need to timely file would have altered his behavior.

(Opposition (ECF No. 28) at 4-5) (internal citations omitted).

Respondent argues that equitable tolling is unwarranted, writing:

> Respondent has obtained a copy of Petitioner's complete mental health record. Respondent submits these mental health records as Exhibit A. Petitioner's mental health records during his entire incarceration, especially during the relevant time frame, do not reflect a mental disorder of a severity that would prevent him from understanding the need to file a timely federal petition and from enlisting the proper assistance . . . . The documents reveal that while Petitioner was included in the mental health treatment program, he participated as an outpatient in the Correctional Clinical Case Management System (CCCMS) level of care and was usually housed in the general prison population until 2008. [. . .] It appears from the record that Petitioner required a higher level of care in 2008 and was transferred to the EOP (Enhanced Outpatient Program) level. This occurred years after the limitations period expired and is therefore inconsequential. Moreover, Petitioner is noted as having a global assessment of functioning (GAF) score ranging from the mid-50s to 70 during the relevant time frame, which suggests only a mild to moderate impairment.

(Motion to Dismiss (ECF No. 22) at 8-9) (internal citations omitted). Respondent goes on to cite numerous instances in petitioner's medical record when petitioner was identified as being stable while on medications. (Id. at 9-10.) Respondent also cites instances in the medical records describing petitioner as non-compliant in taking medications and experiencing consequent deterioration in his mental health; respondent argues that petitioner is not entitled to equitable tolling during such times. (Id.)

"A 'petitioner' is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

2

prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Under Ninth Circuit precedent, a habeas petitioner's mental illness can qualify as an "extraordinary circumstance" justifying equitable tolling of the AEDPA statute of limitations. Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) ("Not surprisingly, we have also long recognized equitable tolling in the context of a petitioner's mental illness."). In Bills, the Ninth Circuit set forth a two-part test to determine whether a mental impairment justifies equitable tolling:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either
>
> > (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
> >
> > (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Id. at 1099-1100 (internal citations omitted). "The relevant question [is,] 'Did the mental impairment cause an untimely filing?'" Stancle v. Clay, 692 F.3d 948, 959 (9th Cir. 2012), cert. denied, __ U.S.__, 133 S. Ct. 1465 (2013) (quoting Bills, 628 F.3d at 1100 n. 3). "In practice, then, to evaluate whether a petitioner is entitled to equitable tolling, the district court must: (1) find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing; (2) determine, after considering the record, whether the petitioner satisfied his burden that he was in fact mentally impaired; (3) determine whether the petitioner's mental impairment made it impossible to timely file on his own; and (4) consider whether the circumstances demonstrate the petitioner was otherwise diligent in attempting to comply with the filing requirements." Bills, 628 F.3d at 1100-01.

When a habeas petitioner has raised "a good faith allegation that would, if true, entitle him to equitable tolling," Laws v. Lamarque, 351 F.3d 919, 923 (9th Cir. 2003), the district court must

1 take care to ensure that the record regarding the petitioner's mental illness is sufficiently
2 developed to rule on the tolling issue. See Chick v. Chavez, 518 Fed. Appx. 567, 568 (9th Cir.
3 2013) (remanding "for further development of the record as to [petitioner]'s mental competency
4 and, if necessary, an evidentiary hearing").[1]  Nevertheless, "[w]here the record is amply
5 developed, and where it indicates that the petitioner's mental incompetence was not so severe as
6 to cause the untimely filing of his habeas petition, a district court is not obligated to hold
7 evidentiary hearings to further develop the factual record, notwithstanding a petitioner's
8 allegations of mental incompetence." Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).

9   Turning to the case at hand, two points appear particularly salient.  The first is that
10 petitioner seeks equitable tolling for the entire period of time between November 23, 2004 (when
11 he filed his habeas petition with the Sacramento County Superior Court)[2] and April 13, 2013
12 (when he filed his next habeas petition with the California Supreme Court).   (Opposition (ECF
13 No. 28) at 4.)  However, petitioner has not provided the court with any medical records relating to
14 the period of time prior to 2008 (see ECF Nos. 9-1 – 9-3), and has not provided any justification
15 for equitable tolling prior to 2008 beyond his bare assertion that he has been suffering from
16 mental illness since 1980.  (First Amended Petition (ECF No. 9) at 47.)  Equitable tolling of the
17 statute of limitations in petitioner's case prior to 2008 cannot be based solely on this conclusory
18 and otherwise unsupported representation.

19   The second point is that a number of the records submitted by petitioner in this case
20 indicate that he may have started working on his federal habeas petition well before April 13,
21 2013.  In this regard, a cursory review of the medical records submitted by petitioner in support of
22 his petition reveals the following clinical notes:

23 - January 16, 2013:  "He [petitioner] requested IDTT's approval to obtain mental health
24   records as a part of preparation to appeal his case.  He stated his cellie has been

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36–3(b).

[2] It is likely that petitioner only requires equitable tolling to commence on January 31, 2005, when the Sacramento County Superior Court denied the habeas petition that he filed on November 23, 2004.

1    helping for the prep." (ECF No. 9-1 at 6.)

2    • February 5, 2013: "He [petitioner] is asking his cellie to compose a petition of
3      review." (ECF No. 9-1 at 3.)

4    • February 28, 2013: "He [petitioner] is spending some time writing appeals to his
5      sentence of 42-life for robbery." (ECF No. 9-1 at 2.)

6    • March 14, 2013: "Mr. Hayden and another inmate are trying to find reasons to appeal
7      his sentence." (ECF No. 9-1 at 1.)

8  Clinical notes, such as those quoted above, suggest to the undersigned that petitioner may have
9  been able to file a petition for federal habeas relief prior to April 13, 2013 or that he was not
10 "otherwise diligent in attempting to comply with the filing requirements" prior to that date. See
11 Bills, 628 F.3d at 1100-01. In either case, petitioner would not be entitled to equitable tolling of
12 the applicable statute of limitations until April 13, 2013, as he seeks. Rather, the statute of
13 limitations would be determined to have resumed running on an earlier date.

14        The difficulty for the court is that neither petitioner nor respondent (who claims to have
15 filed petitioner's "complete mental health record" with the court (Motion to Dismiss (ECF
16 No. 22) at 8) has submitted records in chronological order. Instead, both parties have arranged
17 their filings in a rather haphazard manner, making it virtually impossible for the court to
18 determine when petitioner's incompetency may have begun and when it may have ended.
19 Respondent's filing alone is more than 680 pages long. (See ECF Nos. 22-1 – 22-7.)

20        In order to facilitate the development of an adequate record, and thereafter decide whether
21 an evidentiary hearing and/or equitable tolling are warranted, IT IS HEREBY ORDERED that:

22    1. Within thirty days of entry of this order, respondent is directed to file with the court, in
23       chronological order (or, if any documents are undated, as close to chronological order
24       as is reasonably possible), the records currently docketed at ECF Nos. 22-1 – 22-7.
25       After making this chronological filing, respondent is directed to serve upon petitioner
26       a paper copy of the filed documents that contains the filing's ECF date stamp, so that
27       petitioner, respondent, and the court may work from, and cite to, a common record
28       with common page numbers.

    2.  Within thirty days of service of the chronologically-organized records on respondent, petitioner and respondent are directed to file briefs addressing whether equitable tolling is appropriate in this case for the period between January 31, 2005 and April 13, 2013 in light of petitioner's medical records, the standard quoted above from <u>Bills v. Clark</u>, and in light of other applicable authority.  The court will review the parties' supplemental briefing and determine whether an evidentiary hearing is required.  Each party's brief may be no longer than ten pages in length if typewritten, or fifteen pages if handwritten.

    3.  The Clerk of the Court is directed to term respondent's motion to dismiss (ECF No. 22) pending submission of the supplemental briefing ordered herein.

    4.  The Clerk of the Court is directed to substitute Robert W. Fox, the current Warden of California Medical Facility, as the respondent in this action.

Dated:  June 30, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
hayd1004.mtd.supp