UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO HAYDEN, JR., | No. 2:14-cv-1004 WBS DAD P |
| Petitioner, | |
| v. | ORDER |
| BRIAN DUFFY, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the operative petition as barred by the applicable statute of limitations.  (See ECF No. 22.)  On July 1, 2015, the undersigned ordered respondent to file with the court, and serve on petitioner, those records previously docketed at ECF Nos. 22-1 – 22-7 in chronological order.  The parties were also directed to file supplemental briefs within 30 days thereafter addressing whether equitable tolling of the statute of limitations is warranted in this case.  (ECF No. 31.)

On July 31, 2015, respondent lodged the chronologically-ordered records ("Chronological Record") as ordered by the court.  (ECF No. 32.)  On August 4, 2015, respondent filed a notice indicating that the Chronological Record had been served on petitioner.  (ECF No. 33)

On August 24, 2015, petitioner filed a motion seeking to defer the supplemental briefing and to further develop the record, contending that respondent had omitted from the Chronological

1

1 Record certain of petitioner's medical records. (ECF No. 34.) In support of this motion,

2 petitioner submitted a declaration in which he avers that he received copies of the Chronological

3 Record at around the same time that he (petitioner) received copies of his medical records from

4 the California Department of Corrections and Rehabilitation. (Id. at 3.) Petitioner asserts:

> So far I have detected nine medical records that were omitted [from the Chronological Record], and I have only gone through twenty-five pages of the records I obtained myself and compared against what [respondent] sent. It will take me quite some time to go through all 677 pages to compare.

8 (Id.) Together with his motion, petitioner has also submitted copies of the nine allegedly-omitted

9 records. (Id. at 7-18.)

10 In opposition to petitioner's motion, respondent states that seven of the nine allegedly-

11 omitted records were included in the Chronological Record, and identifies their location therein.

12 (ECF No. 34 at 2.) Respondent concedes that two of the records identified by petitioner were not

13 so included, adding, "Respondent did not receive copies of these documents from the California

14 Department of Corrections and Rehabilitation, most likely because of a clerical error as CDCR

15 produced over 650 pages of mental health records." (Id. at 3.) Respondent nevertheless points to

16 two documents in the Chronological Record which contain "the same date and information as the

17 two missing documents." (Id. at 3.)

18 The undersigned believes that petitioner should be provided the opportunity to present and

19 rely upon a fully-developed record in support of his argument for equitable tolling of the statute

20 of limitations in this habeas action. More than three weeks have passed since petitioner filed his

21 motion to defer supplemental briefing and to further develop the record. The court will therefore

22 grant petitioner an additional fourteen days to identify and notify the court and respondent of any

23 documents that he believes are missing from the Chronological Record on file with the court. If

24 petitioner then asserts that any records are missing, respondent must then either demonstrate that

25 these documents are in fact in the Chronological Record or allow the Chronological Record to be

26 supplemented with these documents. Petitioner will, thereafter, be required to file his

27 supplemental brief. Petitioner is cautioned that the deadlines set forth in this order are firm, and

28 that no further extensions of time will be granted for this purpose.

1    Respondent timely filed his supplemental brief in response to the court's July 1, 2015
2 order. (ECF No. 35.) Petitioner has filed a motion to strike the supplemental brief, on the
3 grounds that respondent allegedly failed to serve him with a signed proof of serve therewith.
4 (ECF No. 36.) Petitioner's motion will be denied, as it is evident that, regardless of whether or
5 not petitioner received a signed proof of service, he was timely served with respondent's
6 supplemental brief.
7    Accordingly, IT IS HEREBY ORDERED that:
8    1. Petitioner's motion to defer supplemental briefing and further develop the record (ECF
9 No. 34) is granted. Within fourteen days of entry of this order, petitioner is directed to file with
10 the court copies of those records that he claims were omitted from the Chronological Record. No
11 later than thirty days thereafter, respondent must file with the court a document that identifies the
12 location of any allegedly-omitted records in the Chronological Record, if present therein. No
13 later than thirty days after respondent's filing, petitioner must file a supplemental brief that
14 conforms to the requirements set forth in the court's July 1, 2015 order. Petitioner's brief may be
15 no longer than ten pages in length if typewritten, or fifteen pages if handwritten.
16    2. Petitioner's motion to strike respondent's response (ECF No. 36) is denied.
17 Dated: September 23, 2015

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:10
hayd1004.records

3