UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO HAYDEN, JR., | No. 2:14-cv-01004 WBS DB |
| Petitioner, | |
| v. | |
| ROBERT W. FOX, | ORDER |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Respondent moved to dismiss this action.  (ECF No. 11.)  Petitioner opposes the motion to dismiss.  (ECF No. 13.)  Respondent filed a reply memorandum in support of the dismissal motion.  (ECF No. 17.)  Petitioner then filed a motion to strike respondent's reply for purportedly raising new arguments not addressed in the original motion.  (ECF No. 18.)  The court denied the motion to strike.  (ECF No. 24.)

In light of the complexity of the legal and factual involved, the court has determined that the interests of justice require the appointment of counsel for the purpose of opposing the pending motion to dismiss.  See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Specifically, the court's review of the briefing on the motion to dismiss and the extensive mental health records filed with the court raise the possibility that an evidentiary hearing may be required pursuant to the Ninth Circuit's ruling in Bills v. Clark. 628 F.3d 1092, 1100 (9th Cir. 2010) ("the district court must . . . find the petitioner has made a non-frivolous

1

showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing").

The mental health records filed with the court (ECF No. 32) indicate petitioner was diagnosed with schizophrenia and endured episodes of hallucinations and delusions during the filing period. While the court does not yet draw any conclusions based upon its review of the record, the possibility of the need for an evidentiary hearing merits the appointment of counsel for petitioner.

Accordingly, IT IS HEREBY ORDERED that:

1. The Federal Defender is appointed to represent petitioner for purposes of opposing the pending motion to dismiss;

2. The Clerk of the Court is directed to serve a copy of this order on the Federal Defender, Attention: Habeas Appointment;

3. Within 30 days of this order, if counsel for petitioner believes that evidence supporting equitable tolling can only be presented through an evidentiary hearing or that it would be more expedient to present evidence via an evidentiary hearing, then counsel for petitioner shall file a motion for an evidentiary hearing;

4. Any response to petitioner's motion for an evidentiary hearing shall be filed within 14 days of petitioner's motion; and

5. Any reply to petitioner's motion shall be filed within 7 days of the response.

Dated:  November 22, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

Tim / DLB:10
ORDERS / ORDERS.PRISONER.HABEAS / hayd1004.counsel