UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO HAYDEN, JR.,<br><br>Petitioner,<br><br>v.<br><br>ROBERT W. FOX, Warden,<br><br>Respondent. | No. 2:14-cv-1004 WBS DB P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his 2001 conviction on five counts of robbery, which ultimately resulted in a sentence of forty-six years to life. Respondent has moved to dismiss the pending federal habeas petition as time-barred, contending that the statute of limitations expired in 2005. Petitioner opposes the motion, claiming that he is entitled to equitable tolling because he suffers from a mental impairment that rendered him unable to pursue his legal claims during the relevant period.

Following review of the parties' briefs and the mental health records submitted by petitioner in support of his opposition, the Court determined that these records indicate that petitioner was diagnosed with schizophrenia and that he endured episodes of hallucinations and delusions during the relevant filing period. (ECF No. 47.) The Court thus appointed the Federal Defender to represent petitioner for the purpose of opposing the pending motion to dismiss and

1

directed it to submit a motion for an evidentiary hearing "if counsel for petitioner believes that evidence supporting equitable tolling can only be presented through an evidentiary hearing or that it would be more expedient to present evidence via an evidentiary hearing." Id.

Petitioner, through counsel, has now moved for an evidentiary hearing on the ground that evidence going to the question of petitioner's mental health would be more expediently and effectively presented via an evidentiary hearing. (ECF No. 64.) The proposed evidence includes: (1) the testimony of at least one mental health expert to provide information regarding petitioner's mental health diagnosis, behavior, and cognitive condition during the relevant period, as well as a current assessment of his mental health; (2) testimony concerning the CDCR's diagnostic and treatment processes, including a discussion of how placement in the Correctional Clinical Case Management System differs from placement in the Enhanced Outpatient Program; and (3) the testimony of M.T. Shannon, plaintiff's cellmate since 2011 and the "jailhouse lawyer" who filed the petition for writ of habeas corpus on petitioner's behalf.

Respondent opposes petitioner's request for an evidentiary hearing, arguing, first, that the unnamed mental health expert would simply review the same mental health record already before the Court and would be "useless to re-diagnose or extrapolate petitioner's past mental health status from current observations." Second, M.T. Shannon's testimony would be irrelevant since the statute of limitations allegedly expired in 2005, well before this inmate was housed with petitioner. Lastly, respondent argues that petitioner has made no argument regarding diligence and in fact appears to ignore that he was able to litigate, on his own, two state collateral petitions for writs of habeas corpus in 2003-2004.

In response, petitioner points out that a mental health expert can assist in "sifting through medical jargon to determine the nature and extent of [petitioner]'s illness during the relevant time periods." He also states that an expert on CDCR practices will assist the Court in determining, for example, the relevance (if any) of petitioner's placement in general population. Additionally, he notes that he has received assistance from M.T. Shannon and his previous cellmate to file documents in this case and in his state cases, facts which pertain to his need for assistance as a

result of his mental illness.[1]

On review, the undersigned finds that the testimony of a mental health provider and an expert on CDCR's practices would assist the Court in considering the mental health records and the effect of petitioner's mental health on his ability to pursue his claims in a timely manner. On the other hand, the Court declines petitioner's offer for the mental health expert to opine on the current state of his mental health. Additionally, the Court is not persuaded that the testimony of petitioner's cellmate would be helpful.

Accordingly, IT IS HEREBY ORDERED that petitioner's request for an evidentiary hearing (ECF No. 64) is **GRANTED**. An evidentiary hearing is set before the undersigned on **February 28, 2019, at 9:00 a.m. in Courtroom No. 27**. The Court will hear testimony only from a mental health expert regarding petitioner's mental health records from 2001-2013 and an expert on the CDCR's diagnostic and treatment processes during that same period.

Dated: January 30, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/hayd1004.evid hrg

---

[1] Petitioner has not identified his previous cellmate who is claimed to have assisted him in preparing court filings.