UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO HAYDEN, JR., | No. 2:14-cv-1004 WBS DB P |
| Petitioner, | |
| v. | ORDER |
| BRIAN DUFFY, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding through appointed counsel with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Pending is respondent's motion to dismiss the petition as untimely. Petitioner, filed his opposition before counsel was appointed, argues that he is entitled to equitable tolling due to mental illness. (ECF No. 28.) Petitioner's appointed counsel now requests leave to amend petitioner's pro se opposition "with additional legal arguments based on the existing record."

Before proceeding to petitioner's motion, it is necessary to review the reason underlying counsel's appointment. On November 23, 2016, the Court appointed the Federal Defender "for the purpose of opposing the pending motion to dismiss." (ECF No. 47.) The Court reasoned that appointed was warranted not because petitioner's opposition was deficient but because of the potential need for an evidentiary hearing:

> Specifically, the court's review of the briefing on the motion to dismiss and the extensive mental health records filed with the court raise the possibility that an evidentiary hearing may be required pursuant to the Ninth Circuit's ruling in Bills v. Clark, 628 F.3d 1092, 1100 (9th Cir. 2010) ("the district court must … find the petitioner has made a non-frivolous showing that he had a severe mental impairment during the filing period that would entitle him to an evidentiary hearing.")
>
> The mental health records filed with the court (ECF No. 32) indicate petitioner was diagnosed with schizophrenia and endured episodes of hallucinations and delusions during the filing period. While the court does not yet draw any conclusions based upon its review of the record, **the possibility of the need for an evidentiary hearing merits the appointment of counsel for petitioner.**

(ECF No. 47 at 1-2 [emphasis added].)

In line with that order, the Court held an evidentiary hearing on November 18, 2019, at which Assistant Federal Defender Hannah Larabee appeared on behalf of petitioner and presented documentary evidence and the testimony of a medical expert. Following the hearing, the undersigned then directed the parties to submit supplemental briefing concerning the relevance of any new evidence and/or expert testimony offered by the parties at the evidentiary hearing. The parties have since filed their post-evidentiary hearing briefs. (ECF Nos. 83-84.)

Turning now to petitioner's motion, it is true that petitioner's opposition was filed before counsel was appointed. In fact, petitioner, when appearing pro se, also filed a supplemental brief (ECF No. 42) that included further argument and extensive citation to the record in support of petitioner's argument that he is entitled to equitable tolling. Both filings were drafted with the assistance of another inmate, M.T. Shannon, who has demonstrated an ability to prepare well-researched briefs supported by evidence. While there may be little doubt that appointed counsel may draft a more sophisticated opposition, petitioner's request will be denied because the appointment order specifically limited counsel's assistance to the context of an evidentiary hearing. In addition, the undersigned is not convinced that the briefs that have already been filed are so insufficient to warrant amendment.

////

////

Accordingly, **IT IS HEREBY ORDERED** that petitioner's request to file an amended opposition is **DENIED**.

Dated: March 10, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Priority/hayd1004.mta