UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ALPHONSO HAYDEN, JR., | No. 2:14-cv-1004 WBS DB P |
| Petitioner, | |
| v. | ORDER RE: RESPONDENT'S MOTION TO DISMISS |
| ROBERT W. FOX, Warden, | |
| Respondent. | |

----oo0oo----

Petitioner, a state prisoner proceeding through appointed counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Respondent has moved to dismiss petitioner's application as time barred. (See Docket No. 22.) Petitioner argues that he is entitled to equitable tolling of the applicable statute of limitations because he suffers from a mental

1

impairment that rendered him unable to understand the need to file a timely habeas petition before the limitations period expired.  (See Docket No. 28.)

On November 12, 2019, the magistrate judge held an evidentiary hearing.  At the hearing, petitioner's expert, Dr. Deserie Barragan, Psy.D., and respondent's expert, Dr. Cheryl Paizis, D.O., presented testimony regarding petitioner's mental health records from 2001 to 2013 and the California Department of Corrections and Rehabilitation's ("CDCR") diagnostic and treatment processes during the same period.  (See Docket No. 69.)  Following the hearing, the parties submitted supplemental briefing (Docket Nos. 83, 84), and the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (See Magistrate Judge's Findings & Recommendations ("Findings & Recommendations") (Docket No. 86).)  Petitioner has filed objections to the findings and recommendations.  (See Objs.to Magistrate Judge's Findings and Recommendations ("Pet'r's Objs.") (Docket No. 91).)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case and carefully reviewed the entire file.[1]

---

[1] Where, as here, the magistrate judge has issued findings and recommendations based in part on testimony presented at an evidentiary hearing, "the district court is entitled to rely upon [the magistrate's] recommendations when making its decision on the motion."  See United States v. Bergera, 512 F.2d 391, 394 (9th Cir. 1975); United States v. Raddatz, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' rather

than de novo hearing [in 28 U.S.C. § 636(b)(1)], Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")  Where parties have objected to portions of the magistrate's report, however, the court must "arrive at its own independent conclusion about those portions of the . . . report." United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).  At a minimum, this requires that the district court review "a tape recording or a transcript of the relevant portions of the proceedings before the magistrate."  See id.

When the magistrate judge's findings concern a credibility determination of a witness, however, additional review may be required.  If the magistrate's findings are based on a credibility determination favorable to the defendant, the court may not reject those findings without first conducting an additional evidentiary hearing to hear and see the testimony of the witness.  See Johnson v. Finn, 665 F.3d 1063, 1069 (9th Cir. 2011).  If the magistrate's credibility determination is favorable to the government, the court need not necessarily conduct an additional evidentiary hearing (though the Ninth Circuit has indicated that it "counsels strongly" in favor of one), unless "the district judge finds that the magistrate judge's credibility determinations had no legally sufficient evidentiary basis, so that, were they jury determinations, judgment as a matter of law would issue for the defendant." United States v. Thoms, 684 F.3d 893, 896 (9th Cir. 2012).

Here, the court is not required to assess any credibility findings made by the magistrate judge.  None of petitioner's objections to the magistrate judge's findings & recommendations concern the magistrate's assessment of Dr. Barragan's credibility, and neither party has requested that the court conduct an additional evidentiary hearing.  (See Pet'r's Supplemental Brief at 3 (Docket No. 95); Resp't's Supplemental Brief (Docket No. 94).)  Rather, petitioner states that his "objections seek to correct the Magistrate Court's inaccurate restatement of Dr. Barragan's testimony; he argues simply that certain statement of facts in the Findings and Recommendations were inconsistent with the testimony." (Pet'r's Supplemental Brief at 3); see also Crittenden v. Chappell, 804 F.3d 998, 1011 (9th Cir. 2015) (holding that additional evidentiary hearing not required because magistrate judge had not made, and the district court had not rejected, any credibility determinations of prosecutor).

The court has reviewed the transcript of the evidentiary hearing before the magistrate judge as well as the evidence relied upon in the findings and recommendations.  See

1  For the reasons that follow, the court finds the magistrate
2  judge's findings and recommendations to be supported by the
3  record and by proper analysis.
4       First, the magistrate judge's factual findings
5  regarding petitioner's "Global Assessment of Functioning" ("GAF")
6  scores are supported by the record.  A GAF score is a measure
7  that was developed for clinicians to provide a judgment about
8  symptom severity and level of functioning on a scale of 1-100 for
9  clients suffering from mental illness.  (Evid. Hr'g Tr. ("Hr'g
10 Tr."), Ex. 1, 22:22-25:10 (Docket No. 80).)  Though GAF scores
11 were not created with the prison population in mind, the
12 California Department of Corrections and Rehabilitation ("CDCR")
13 has adapted them to indicate an inmate's level of functioning
14 within the prison setting.  (Id. at 85:25-86:10.)
15      Petitioner objects to several statements made by the
16 magistrate judge in the findings and recommendations regarding
17 GAF scores, arguing that the magistrate judge's description
18 provides an inaccurate and incomplete picture of GAF scores and
19 their use by CDCR staff.  (See Pet'r's Objs. at 3-5.)
20 Specifically, petitioner argues that the magistrate judge's
21 findings fail to account for testimony by Dr. Barragan stating
22 that CDCR clinicians often do not abide by "standards of

---

Remsing, 874 F.2d at 618.  Because the court need not reject any credibility findings of the magistrate judge to decide respondent's motion, an additional evidentiary hearing is not required to satisfy § 636(b)(1)(C)'s requirement that the court conduct a de novo review of the case.  See Finn, 665 F.3d at 1069; Crittenden, 804 F.3d at 1011.

4

1  construction" provided in the Diagnostic and Statistical Manual
2  of Mental Disorders ("DSM") when assigning GAF scores and,
3  therefore, that the GAF system is not a reliable or consistent
4  measurement of symptoms or functioning, particularly as utilized
5  by CDCR.  (See id.; Hr'g Tr. at 85:20-22, 88:18-23, 91:7-16.)

Contrary to petitioner's assertions, the court finds that the magistrate judge's factual findings regarding GAF scores and their use by CDCR accurately reflect Dr. Barragan's testimony.[2]  The magistrate judge found that the DSM standards of construction require clinicians to "assign a GAF score that reflects the worse of" an inmate's severity of symptoms or level of functioning in the prison setting, while also acknowledging that "[n]otwithstanding the [DSM] standard of construction, a clinician may also assign a GAF score that is an amalgamation of the functioning v. symptoms scores (e.g., an average of the two numbers)" and "[s]ometimes, a clinician may assign a GAF score based on the level of care that the clinician thinks an inmate need[s]."  (See Findings & Recommendations at 15-16.)

These statements accurately characterize testimony by Dr. Barragan to the same effect.  (See Hr'g Tr. at 87:10-24, 89:4-91:16.)  The findings and recommendations even explicitly "credit Dr. Barragan's testimony that petitioner's assigned GAF scores were likely too high in some records" because "the GAF scores were likely assigned based on the wrong measure . . . the clinicians' motivation to retain petitioner" at a lower level of

---

[2] Although respondent's expert, Dr. Cheryl Paizis, D.O., also testified at the evidentiary hearing, the magistrate judge's findings and recommendations did not rely on her testimony to come to any of its conclusions.

outpatient care in the prison.  (See id. at 30; Hr'g Tr. at 47:14-51:8, 95:17-99:25.)

Second, the court finds the magistrate judge's findings and recommendations to be supported by proper legal analysis.  To be entitled to equitable tolling based on a mental impairment, the petitioner must meet a two part test:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control by demonstrating the impairment was so severe that either
>
> (a) petitioner was unable rationally or factually to personally understand the need to timely file, or
>
> (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

Bills v. Clark, 628 F.3d 1092, 1099–1100 (9th Cir. 2010) (citing Holland v. Florida, 560 U.S. 631 (2010)).  Under this test, the petitioner has the burden of showing that he suffered from a mental impairment during the filing period that was the "but-for" cause of any delay in filing, a burden which the Ninth Circuit has described is a "high threshold."  See id. at 1097, 1100-1101.

The magistrate judge concluded that petitioner failed to meet his burden because "unequivocal evidence" showed that

6

1   petitioner was sufficiently functional to challenge his
2   conviction throughout the relevant limitations period.  (See
3   Findings & Recommendations at 32-34.)  Specifically, the
4   magistrate judge relied on the fact that, for much of the
5   limitations period, petitioner was functional enough to pursue
6   collateral attacks on his underlying conviction via habeas
7   petitions in state court.  (See id. at 32-33.)  The magistrate
8   judge also reviewed petitioner's medical records and concluded
9   that his symptoms appeared "noticeably less pronounced" during
10  the limitations period.  (See id. at 33.)

11       Petitioner objects by arguing that the magistrate
12  judge's reliance on evidence of petitioner's ability to pursue
13  attacks on his underlying conviction state habeas petitions, as
14  well as evidence from petitioner's medical records, is improper
15  because these sources of evidence merely provide snapshots into
16  petitioner's functionality at discrete moments in time.  (See
17  Pet'r's Objs. at 9-12.)  While petitioner may have appeared
18  functional at the time of his challenges to his underlying
19  conviction or during certain periods reflected in his medical
20  records, petitioner argues that he "experienced a range of severe
21  symptoms over the year and a half period during the pendency of
22  his habeas relief appeal" and that the evidence relied upon "does
23  not provide sufficient information to conclude that his severe
24  mental illness did not prevent him from filing a later pro se
25  habeas petition."  (See id. at 13 (emphasis in original).)

26       However, this objection misconceives the nature of
27  petitioner's burden under Bills.  To be entitled to equitable
28  tolling, the petitioner must show that his mental impairment

7

1  prevented him from filing a timely habeas petition--not that
2  there is insufficient information to conclude that his impairment
3  did <u>not</u> prevent him from timely filing. <u>See</u> <u>Bills</u>, 628 F.3d at
4  1099-1100.  The court agrees with the magistrate judge's
5  conclusion that petitioner has not demonstrated that his mental
6  illness during the running of the statute of limitations
7  prevented him from understanding the need to timely file a
8  federal habeas petition or from taking steps to effectuate its
9  filing, given his ability to file challenges to his conviction in
10 state court during that time period.

11         Due to statutory tolling, the relevant limitations
12 period during which petitioner had to file his federal habeas
13 petition began on November 4, 2003, and concluded on October 5,
14 2005.  <u>See</u> 28 U.S.C. § 2244(d)(2); <u>Biggs v. Duncan</u>, 339 F.3d
15 1045, 1046 (9th Cir. 2003).  Throughout this time period,
16 petitioner was undoubtedly suffering from symptoms arising from
17 his mental impairment.  (<u>See</u> Medical Records of Alphonso Hayden,
18 Volume II ("Medical Records Vol. II") at 69-82 (Docket No. 32-2)
19 (noting, e.g., that petitioner suffered from "command" auditory
20 hallucinations that directed him to hurt himself or others, that
21 "voices" were telling petitioner that he was God, and finding
22 petitioner to be "dissociative unstable").)

23         Those symptoms, however, do not appear to have been
24 noticeably more severe than in previous years, when petitioner
25 was able to challenge his conviction on direct appeal.  (<u>See</u>
26 Medical Records of Alphonso Hayden, Volume I at 3-63 (Docket No.
27 32-1) (noting, e.g., that petitioner had recurring delusions that
28 he was God and that voices in his head were teasing him and

"trying to humiliate" him).)  Indeed, petitioner was sufficiently functional during the limitations period to file and pursue two habeas petitions in California state court: one in the California Supreme Court on October 23, 2003, and one in Sacramento County Superior Court on November 23, 2004.  (See Resp't's Notice of Lodging Documents at 2 (Docket No. 24).)

Petitioner was also sufficiently functional to consult with a friend in prison, who drafted one of the writs for him. (See Medical Records Vol. II at 2); see also Bills, 628 F.3d at 1099-1100 (instructing that "[t]he court should examine whether the petitioner's mental impairment prevented him from locating assistance or communicating with or sufficiently supervising any assistance actually found").  Because there is no indication that any significant increases in the severity of petitioner's symptoms occurred until after the limitations period had already run, the court will adopt the magistrate judge's finding that petitioner has not met his burden of showing that his mental impairment prevented him from understanding the need to timely file his federal habeas petition or prevented him from effectuating such timely filing.  See id.; (Findings & Recommendations at 34).

Petitioner raises an additional objection that the magistrate judge did not permit his counsel the opportunity to supplement his pro se opposition to respondent's motion to dismiss or to present certain testimony at the evidentiary hearing that would have shown that petitioner acted diligently under Bills.  (See Pet'r's Objs. at 13-15.)  However, the magistrate judge's recommendation did not rely upon a finding

that petitioner failed to act diligently.  A finding that petitioner failed to establish that his mental impairment prevented him from timely filing his federal habeas petition is itself sufficient to deny petitioner's request for equitable tolling, and therefore the magistrate judge was not required to opine on petitioner's diligence.  See Bills, 628 F.3d at 1100. The court therefore finds this objection to be without merit.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 24, 2020, are adopted in full;

2. Respondent's motion to dismiss (ECF No. 22) is GRANTED; and

3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: January 13, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

10